UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP L. DORSEY,<br><br>Plaintiff,<br><br>v.<br><br>W.J. SULLIVAN,<br><br>Defendant. | Case No.: 17cv0417-AJB (BLM)<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**<br><br>**[ECF No. 6]** |

This Report and Recommendation is submitted to United States District Judge Anthony J. Battaglia pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California. On February 16, 2017, Petitioner Phillip Lynn Dorsey, a state prisoner proceeding *pro se* and *in forma pauperis* commenced these habeas corpus proceedings pursuant to 28 U.S.C. § 2254 by constructively filing his Petition. ECF No. 1 ("Pet."). On March 6, 2017 the Court issued a briefing schedule requiring Respondent to file a motion to dismiss by May 8, 2017 and Petitioner to file an opposition by June 8, 2017. ECF No. 4. On May 1, 2017, Respondent filed a Motion to Dismiss the Petition on the basis that it was not timely. ECF No. 6 ("MTD"). On June 29, 2017, Petitioner filed a motion for an extension of time to file his opposition to the Motion to Dismiss. ECF No. 9. The Court granted the extension and ordered the opposition to be filed by July 24, 2017. ECF No. 10. On July 20, 2017, Petitioner filed a second motion for an extension of time to file his opposition.

1

ECF No. 12. The Court granted the extension and ordered the opposition to be filed by September 7, 2017. ECF No. 13. Petitioner did not file an opposition to the MTD. See Docket. For the reasons set forth below, the Court **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED**.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 22, 2006, an Information was filed charging Petitioner with the following counts plus additional allegations and enhancements: Count 1 – first-degree robbery; Count 2 – residential burglary; Count 3 – grand theft of a firearm; and Count 4 – unlawful taking and driving of a vehicle. Lodgment 1 at 17-21. On January 26, 2007, the jury found Petitioner guilty of Counts 2 and 4, but the court declared a mistrial on Counts 1 and 3 because the jury was deadlocked on those charges. Id. at 139-40; Lodgment 2 at 344-50. On May 14, 2007, Petitioner pleaded guilty to Count 1, robbery in an inhabited dwelling house, and the remaining allegations of Count 1 and the entirety of Count 3 were dismissed. Lodgment 1 at 99-101; Lodgment 2 at 406-08. On July 9, 2007, Petitioner was sentenced to thirteen years in prison. Lodgment 1 at 114; Lodgment 2 at 415-18.

On July 26, 2007, Petitioner filed a timely notice of appeal to the California Court of Appeal and a request for appointment of appellate counsel. Lodgment 1 at 116-17. Petitioner alleged that the court erred when it refused to require a jail inmate to attend and testify because his testimony would have corroborated Petitioner's testimony and raised reasonable doubts about his guilt. Lodgment 3 at 15-20. On September 5, 2008, the California Court of Appeal, Fourth Appellate District, Division One, affirmed the judgment. Lodgment 6. Petitioner did not file a petition for review in the California Supreme Court. Lodgment 7 at 11, 13; see also Lodgments.

On June 7, 2016, Petitioner constructively filed a petition for writ of habeas corpus in the San Diego County Superior Court, arguing that (1) he was mentally incapacitated to stand trial because he was in extreme pain while awaiting dental surgery and on mind-altering medication, and the court denied his request to postpone the trial; (2) he was provided with ineffective assistance of counsel during trial and plea agreement negotiations; (3) he was mentally

2

17cv0417-AJB (BLM)

incompetent to voluntarily enter into the plea agreement because the full details were not explained to him; (4) insufficient evidence was presented at trial to support the verdicts; and (5) there was judicial bias and judicial misconduct during the proceedings. Lodgment 7 at 39-89; Lodgment 8 at 2. On July 1, 2016, the Superior Court denied the petition as untimely because it was filed almost nine years after Petitioner was sentenced. Lodgment 8 at 3. The court also found that Petitioner failed to show good cause for the delay or that the claim fell within an exception to the timeliness bar. Id.

On July 17, 2016, Petitioner constructively filed a motion for reconsideration of its July 1 ruling in the Superior Court, contending that the court applied inapplicable law and failed to address the full scope of the petition. Lodgment 9 at 1-2, 89. The Superior Court denied the motion to reconsider on August 5, 2016 because Petitioner failed to raise any new arguments or present facts that could not have been included in the prior petition. Lodgment 10.

On August 29, 2016, Petitioner constructively filed his second state petition for writ of habeas corpus in the California Court of Appeal for the Fourth Appellate Division, asserting the same claims alleged in his first state habeas petition. Lodgment 11. On May 1, 2017, the state Court of Appeal denied the petition as procedurally barred for the following reasons: (1) untimely filed; (2) the claim of mental incompetence due to dental pain could have been raised at trial, but was not; (3) Petitioner did not obtain a certificate of probable cause to challenge the validity of a guilty plea in an appellate court; and (4) Petitioner's claim of insufficient evidence to support the verdicts could have been raised on appeal, but was not. Lodgment 12 at 2. Furthermore, the court stated that even if the petition was not procedurally barred, it would be denied because (1) challenges to the sufficiency of the evidence to support Petitioner's convictions are not cognizable in a habeas petition; and (2) for the remaining claims, Petitioner failed to sustain his "'heavy burden' to plead a prima facie claim for relief by alleging with particularity the facts on which the claim is based and supporting the claim with declarations, trial transcripts, or other reasonably available documents." Id.

On October 8, 2016, Petitioner constructively filed his third state habeas petition in the California Supreme Court, asserting the same claims alleged in his first and second petitions.

Lodgment 13. The California Supreme Court denied the petition on January 18, 2017 by citing to In re Robbins, 18 Cal. 4th 770, 780 (1998); People v. Duvall, 9 Cal. 4th 464, 474 (1995); In re Dixon, 41 Cal. 2d 756, 759 (1953); In re Swain, 34 Cal. 2d 300, 304 (1949); and In re Lindley, 29 Cal. 2d 709, 723 (1947). Lodgment 14.

On February 16, 2017, Petitioner constructively filed the instant Petition. Pet. Petitioner asserts two grounds: (1) Petitioner was mentally incompetent and his plea agreement was coerced; and (2) there was insufficient evidence to support the jury's verdicts regarding gun possession. Pet. at 5. Additionally, Petitioner claims that (1) he was mentally incapacitated to stand trial because he was in extreme pain while awaiting dental surgery and on mind-altering medication, and the court denied his request to postpone the trial; (2) he was provided with ineffective assistance of counsel during trial and plea agreement negotiations; (3) he was mentally incompetent to voluntarily enter into the plea agreement because the full details were not explained to him; (4) insufficient evidence was presented at trial to support the verdicts; and (5) there was judicial bias and judicial misconduct during the proceedings. Id. at 22-47. Finally, Petitioner requests an evidentiary hearing. Id. at 35.

## SCOPE OF REVIEW

Title 28, U.S.C. § 2254(a) sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

## DISCUSSION

### I. Timeliness of the Petition

Respondent contends that the Petition should be dismissed as untimely because it was filed after the one-year statute of limitations expired. MTD at 8-9.

### A. The AEDPA Statute of Limitations

Federal petitions for writ of habeas corpus filed by state prisoners after April 24, 1996 are

4

governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). <u>Lindh v. Murphy</u>, 521 U.S. 320, 322-23, 336 (1997). AEDPA imposes a one-year statute of limitations for state prisoners to file a federal habeas petition. 28 U.S.C. § 2244(d). Section 2244(d)'s one-year limitation period applies to all habeas petitions filed by persons "in custody pursuant to the judgment of a State court." <u>Id.</u> § 2244(d)(1). The one-year limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

<u>Id.</u>

The California Court of Appeal affirmed the judgment of the trial court on September 5, 2008. Lodgment 6. That judgment became final on October 5, 2008, thirty days after filing. <u>See</u> Cal. R. Ct. 8.366(b). Petitioner did not file a petition for review in the California Supreme Court. Lodgment 7 at 11, 13; <u>see also</u> Lodgments. Therefore, the AEDPA statute of limitations began to run on October 15, 2008, the day California's ten-day period to file a petition with the California Supreme Court lapsed. <u>See</u> 28 U.S.C. § 2244(d)(1)(A); Cal. R. Ct. 8.500(e)(1). Absent tolling, the limitations period expired one year later on October 15, 2009. <u>See</u> <u>Ramirez v. Yates</u>, 571 F.3d 993, 997-98 (9th Cir. 2009). Because Petitioner did not file his federal habeas petition until February 16, 2017, the petition is untimely unless sufficiently tolled.

///

### B. **Statutory Tolling**

AEDPA tolls its one-year limitations period for the "time during which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2); see also Pace v. DiGuglielmo, 544 U.S. 408, 413–14 (2005). An application for state post-conviction review is considered "pending" during the interval between the lower state court's adverse decision and the prisoner's filing of a notice of appeal in the higher state court, provided that the filing of that notice is timely under state law. Carey v. Saffold, 536 U.S. 214, 222-25 (2002). In California, where habeas decisions are not appealed, but may be filed originally in each court, "pending" includes a reasonable time, such as thirty to sixty days, between a decision and a subsequent filing. See Evans v. Chavis, 546 U.S. 189, 199-201 (2006); Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010). However, the statute of limitations is not tolled after state habeas proceedings are final and before federal habeas proceedings are initiated. See 28 U.S.C. § 2244(d)(2); Duncan v. Walker, 533 U.S. 167, 181-82 (2001). Additionally, the statute of limitations is not tolled "from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), implicitly overruled on other grounds as recognized by Nedds v. Calderon, 678 F.3d 777, 781 (9th Cir. 2012).

As previously stated, the AEDPA statute of limitations began to run on October 15, 2008 and ended on October 15, 2009. Because Petitioner did not file his first state collateral challenge until June 7, 2016—more than six years after the limitation period expired—he is not entitled to statutory tolling. Lodgment 7; see Nino v. Galaza, 183 F.3d at 1006. Accordingly, the Petition is time-barred unless Petitioner can show he is entitled to equitable tolling.

### C. **Equitable Tolling**

The United States Supreme Court has held that AEDPA's one-year statute of limitations is subject to equitable tolling in appropriate cases. Holland v. Florida, 560 U.S. 631, 645 (2010). Although equitable tolling is "reserved for rare cases," it is appropriate where a habeas petitioner demonstrates two specific elements: "(1) that he has been pursuing his rights diligently; and

(2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. at 418; Yow Ming Yeh v. Martel, 751 F.3d 1075, 1077 (9th Cir. 2014). The bar is set high to effectuate "AEDPA's 'statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims.'" Guillory v. Rose, 329 F.3d 1015, 1018 (9th Cir. 2003) (quoting Carey, 536 U.S. at 226). Whether a petitioner is entitled to equitable tolling depends on a fact-specific inquiry. Mendoza v. Carey, 449 F.3d 1065, 1068 (9th Cir. 2006) (citing Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc)). A petitioner seeking equitable tolling "bears the burden of showing that this extraordinary exclusion should apply to him." Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

"The diligence required for equitable tolling purposes is 'reasonable diligence' . . . not 'maximum feasible diligence.'" Holland v. Florida, 560 U.S. at 653 (citations omitted). The purpose of requiring the petitioner to show diligence "is to verify that it was the extraordinary circumstance, as opposed to some act of the petitioner's own doing, which caused the failure to timely file." Doe v. Busby, 661 F.3d 1001, 1012–13 (9th Cir. 2011). To determine whether a petitioner has been diligent, "courts consider the petitioner's overall level of care and caution in light of his or her particular circumstances." Id. at 1013.

Here, Respondent argues that Petitioner is not entitled to equitable tolling because he fails to justify his delay in filing, and the record discloses no evidence that he was diligent and that some extraordinary circumstance prevented him from a timely filing. MTD at 12-15. Respondent adds that even if Petitioner argued that his delay in filing was due to a reliance on an inmate friend for legal assistance, it would fail to qualify for equitable tolling. Id. at 12-13.

Petitioner has not presented any argument that he diligently pursued his legal interests and that some extraordinary circumstance caused him to file this Petition more than seven years after the AEDPA filing deadline. Moreover, the Court has reviewed the Lodgments and pleadings and finds no facts supporting equitable tolling. Therefore, Petitioner fails to meet his burden and is not entitled to equitable tolling. See Miranda v. Castro, 292 F.3d at 1065. Furthermore, even if Petitioner claimed that his lack of legal knowledge and reliance on a friend for legal

7

assistance delayed his filing, those assertions alone would not warrant equitable tolling. See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling.")

Because Petitioner's petition is untimely under AEDPA, this Court **RECOMMENDS** that Respondent's Motion to Dismiss the Petition be **GRANTED** and that Petitioner's Petition for Writ of Habeas Corpus be **DISMISSED** with prejudice.

## II. Request for Evidentiary Hearing

Petitioner's habeas petition includes a request for an evidentiary hearing. Pet. at 35. In support, Petitioner states the following: "An evidentiary hearing in this case is mandatory, and promotes the interest of justice. The integrity of the above proceedings are not reliable and the outcome is tainted by the violations as defined above." Id.

"The decision to grant an evidentiary hearing in a federal habeas case is left to the sound discretion of the district courts." Rettman v. Fisher, No. 2:16-cv-0885 JAM KJN P, 2017 WL 1375201, at *4 (E.D. Cal. Apr. 17, 2017) (citing Schiro v. Landrigan, 550 U.S. 465, 465 (2007)). However, a federal evidentiary hearing is unnecessary if the petitioner's claim can be resolved on the existing record. Id. (citing Totten v. Merkle, 137 F.3d 1172, 1176 (9th Cir. 1998)). Conclusory allegations, unsupported by specific facts, do not warrant an evidentiary hearing. Id. (citing Williams v. Woodford, 384 F.3d 567, 589 (9th Cir. 2004)). A habeas petitioner found to be time-barred should receive an evidentiary hearing when he makes "a good-faith allegation that would, if true, entitle him to equitable tolling." Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006) (quoting Laws v. Lamarque, 351 F.3d 919, 921 (9th Cir. 2003)).

Here, however, it is unclear what disputed facts Petitioner wants an evidentiary hearing to resolve because the cited pleading does not contain any facts relevant to the timeliness of Petitioner's Petition or to the applicability of statutory or equitable tolling. Moreover, Petitioner makes only conclusory allegations, unsupported by specific facts, in broadly requesting an evidentiary hearing. Accordingly, the Court does not find that an evidentiary hearing is

8

warranted and **DENIES** Petitioner's request for an evidentiary hearing.

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Judge issue an order: (1) approving and adopting this Report and Recommendation, (2) finding that the Petition is not timely, and (3) directing that Judgment be entered **GRANTING** Respondent's Motion to Dismiss and dismissing the petition with prejudice.

**IT IS ORDERED** that no later than **December 4, 2017**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **December 29, 2017**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED**.

Dated: 11/6/2017

Hon. Barbara L. Major
United States Magistrate Judge